IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALI COLE,<br><br>          Defendant. | CRIMINAL CASE NO.<br><br>1:10-CR-0468-TCB-JFK-4 |

## **REPORT AND RECOMMENDATION**

Pending before the court are Defendant Ali Cole's motions [Docs. 68, 69] to suppress the evidence obtained from the execution of two federal search warrants. As to both warrants, Defendant contends that "there is no court order authorizing the search" and that "there is no court order describing what is to be searched, the scope of the search or any other command detailing what is to be searched." [Doc. 68 at 2-3; Doc. 69 at 2-3]. Defendant relies on the Supreme Court's decision in Groh v. Ramirez, 124 S. Ct. 1284 (2004), in support of his arguments. [Id.]. As the Government correctly points out, Defendant's reliance is misplaced. Defendant's motions lack merit.

**I.     Background Facts**

On August 10, 2011, Magistrate Judge Russell G. Vineyard signed two federal search warrants, each of which supported by an application and affidavit by a Special Agent with the Federal Bureau of Investigation. [Docs. 76-1, 76-2]. One search warrant is for a cellular telephone and provides that it is directed to "Special Agent Paul Szabo, and any Authorized Officer of the United States" and states, "Affidavit(s) having been made before me by" the Special Agent "who has reason to believe that on the property or premises known as: LG cellular telephone, model number LG-VS740 bearing serial number 006KPAE0469520, and Micro SD data card contained within the cellular telephone which is currently in the custody of the Federal Bureau of Investigation in Atlanta, Georgia . . . there is now concealed . . . property, namely, information and data, including but not limited to, call history, address book, text messages, voice messages, instant messages, calendar, to-do lists, email, internet addresses, bookmarks, photographs, video, and other data normally stored in a cellular telephone." [Doc. 76-1, Case Number 1-11-MJ-1226]. The warrant further specifies, "I am satisfied that the affidavit(s) . . . establish probable cause to believe that the . . . property so described is now concealed on the . . . premises above-described and establish grounds for the issuance of this warrant.   YOU ARE HEREBY

COMMANDED to execute this warrant on or before 8/24/11." [Id.]. The warrant directs that a copy of the warrant and receipt of property taken pursuant to the warrant is to be left with either the person from whom the property is taken or left at the place where the property is taken and directs that an inventory be prepared and returned with the warrant to the undersigned. [Id.]. The warrant bears the signature of the judicial officer, Russell G. Vineyard, as having been signed on August 10, 2011, at 4:15 p.m. [Id.]. That warrant was accompanied by an Application and Affidavit for Search Warrant for the same cellular phone and identifying the same property to be seized, with an attached affidavit, and signed by the affiant and by the judicial officer, Russell G. Vineyard, on August 10, 2011. [Id.].

The second search warrant is for DNA and fingerprints from the person of Defendant and provides that it is directed to "Special Agent Paul Szabo, and any Authorized Officer of the United States" and states, "Affidavit(s) having been made before me by" the Special Agent "who has reason to believe that on the person of Ali Isiah Cole a/k/a Ali I. Ryans (D.O.B. 9/19/78) . . . there is now concealed . . . property, namely deoxyribonucleic acid (DNA) and fingerprints, which constitute evidence of a crime, said evidence will be recovered by obtaining a buccal swab and hair samples and taking fingerprints from Ali Isiah Cole a/k/a Ali I. Ryans (D.O.B. 9/19/78)." [Doc.

3

76-2, Case Number 1-11-MJ-1225]. The warrant further specifies, "I am satisfied that the affidavit(s) . . . establish probable cause to believe that the . . . property so described is now concealed on the person . . . above-described and establish grounds for the issuance of this warrant. YOU ARE HEREBY COMMANDED to execute this warrant on or before 8/24/11." [Id.]. The warrant directs that a copy of the warrant and receipt of property taken pursuant to the warrant is to be left with either the person from whom the property is taken or left at the place where the property is taken and directs that an inventory be prepared and returned with the warrant to the undersigned. [Id.]. The warrant bears the signature of the judicial officer, Russell G. Vineyard, as having been signed on August 10, 2011, at 4:15 p.m. [Id.]. That warrant was accompanied by an Application and Affidavit for Search Warrant for the same person, Defendant, and identifying the same property to be seized, with an attached affidavit, and signed by the affiant and by the judicial officer, Russell G. Vineyard, on August 10, 2011. [Id.].

## II. Discussion

Relying on the Supreme Court decision in Groh, Defendant makes the frankly spurious argument that "there is no court order describing what is to be searched, the scope of the search or any other command detailing what is to be searched" because

4

the "*search warrants only command the following*: 'You are hereby commanded to execute this warrant on or before 8-24-11.' . . . A finding of probable cause does not make a search warrant." [Doc. 68 at 3; Doc. 69 at 3] (emphasis in originals). Then citing to Groh, Defendant states that "a warrant must particularly describe the place to be searched and the things to be seized" and that an application and affidavit doing so does not save a warrant which fails to provide that information. [Doc. 68 at 4; Doc. 69 at 4]. Defendant then makes a nonsensical statement, "In the instant case there is no warrant. There is only the statement 'execute this warrant'. Again, there is a finding of probable cause but there is no command particularly describing what to search/seize." [Doc. 68 at 5; Doc. 69 at 5]. Defendant's attack on the search warrants in this case is merit less, and his reliance on Groh is misplaced. See United States v. Ortiz-Aleman, 2011 WL 3739528, 1:11-CR-20-ODE-JFK, Doc. 84, August 24, 2011, adopting Report and Recommendation, Doc. 76, July 21, 2011 (reaching same conclusion on motion to suppress federal search warrants on same grounds).

"In order to have evidence suppressed based on a violation of the Fourth Amendment, a [defendant] has the burden of proving (1) that the search was unlawful and (2) that the [defendant] had a legitimate expectation of privacy." United States v. McKennon, 814 F.2d 1539, 1542 (11th Cir. 1987). And specifically with respect to

5

attacks on searches conducted pursuant to a warrant, "[t]he warrant stands cloaked with a presumption of validity . . . and [a defendant] ha[s] the burden of proof in challenging the validity of its execution or service." United States v. Vigo, 413 F.2d 691, 693 (5th Cir. 1969)[1]; accord United States v. Marx, 635 F.2d 436, 441 (5th Cir. Unit B 1981) (same). Defendant has not come close to meeting this burden.

"The Fourth Amendment provides, in relevant part, 'no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" United States v. Evans, 469 F. Supp. 2d 893, 896 (D. Mt. 2007) (quoting U.S. Const. amend. IV); United States v. Wuagneux, 683 F.2d 1343, 1348 (11th Cir. 1982) ("The Fourth Amendment requires that warrants 'particularly describ[e] the place to be searched, and the persons or things to be seized.'") (quoting U.S. Const. amend. IV). Accordingly, "[t]he defining features of a judicial search warrant are that: (a) it must be issued by a judicial officer; (b) the judicial officer must find that there is probable cause to believe that evidence of contraband is present in the place to be searched; (c) the probable cause finding must be supported by the information contained in the oath or affidavit;

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

6

and (d) the warrant must describe with particularity the places to be searched and the things to be seized." United States v. Kone, 591 F. Supp. 2d 593, 605 (S.D. N.Y. 2008) (citing Groh, 124 S. Ct. at 1289). The search warrants before this court have each of these features.

First, the warrants are issued by a judicial officer as evidenced by his signature on each warrant along with the command to execute each warrant by the specified date. [Docs. 76-1, 76-2]. "Issuance serves to demonstrate that a neutral and detached magistrate has reviewed the warrant application and affidavit and made an independent and objective determination that probable cause exists to justify the search." Evans, 469 F. Supp. 2d at 897. While neither the Fourth Amendment nor Fed. R. Crim. P. 41 requires that the magistrate judge's signature appear on the face of the warrant, such a signature "is the surest and likely best method for indicating that the search warrant was issued upon a finding of probable cause. . . ." United States v. Martin, 2011 WL 722969, at *3 (M.D. Fla. February 7, 2011); accord United States v. Jackson, 617 F. Supp. 2d 316, 320 (M.D. Pa. 2008); Evans, 469 F. Supp. 2d at 897 (noting that although a signature is not required, the Fourth Amendment and Rule 41 do "demand that the warrant contain some indication that the search is officially authorized").

AO 72A
(Rev.8/82)

Second, the warrants specifically state, "I am satisfied that the affidavit(s) . . . establish probable cause to believe that the . . . property so described is now concealed on the person or premises above-described and establish grounds for issuance of this warrant." [Docs. 76-1, 76-2]. And, third, the warrants state that the affidavit of the Special Agent was made before the judicial officer - an application and affidavit that was likewise signed and dated by the affiant and the judicial officer for each warrant. [Id.].

Finally, the fourth feature of a valid search warrant is set forth on the face of each warrant. The warrants specify the particular places to be searched and items to be seized. The first search warrants provides: "LG cellular telephone, model number LG-VS740 bearing serial number 006KPAE0469520, and Micro SD data card contained within the cellular telephone which is currently in the custody of the Federal Bureau of Investigation in Atlanta, Georgia . . . there is now concealed . . . property, namely, information and data, including but not limited to, call history, address book, text messages, voice messages, instant messages, calendar, to-do lists, email, internet addresses, bookmarks, photographs, video, and other data normally stored in a cellular telephone." [Doc. 76-1, Case Number 1-11-MJ-1226]. And the second search warrant provides: on the person of Ali Isiah Cole a/k/a Ali I. Ryans (D.O.B. 9/19/78) . . . there

AO 72A
(Rev.8/82)

is now concealed . . . property, namely deoxyribonucleic acid (DNA) and fingerprints, which constitute evidence of a crime, said evidence will be recovered by obtaining a buccal swab and hair samples and taking fingerprints from Ali Isiah Cole a/k/a Ali I. Ryans (D.O.B. 9/19/78)." [Doc. 76-2, Case Number 1-11-MJ-1225]. "A warrant's description of the place to be searched is not required to meet technical requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." United States v. Burke, 784 F.2d 1090, 1092 (11th Cir. 1986). The court, quite frankly, does not see how the warrant could have more explicitly described the place for each search to be executed. And the warrants specify the items to be seized. "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." Wuagneux, 683 F.2d at 1348. Again, the court simply does not understand how these warrants fail to adequately particularize the items to be seized.

The Supreme Court's decision in Groh v. Ramirez, 124 S. Ct. 1284 (2004), does not require a finding to the contrary and frankly provides no support for Defendant's arguments that these warrants are invalid. In Groh, the Supreme Court found that the

9

"warrant was plainly invalid." 124 S. Ct. at 1289. The Court reached this conclusion finding that "the warrant did not describe the items to be seized *at all*" (a fact conceded by the government) and stating that "[i]n this respect[,] the warrant was so obviously deficient that we must regard the search as 'warrantless' within the meaning of our case law." Id. at 1290 (emphasis in original). The Court arrived at this determination because the "warrant did not simply omit a few items from a list of many to be seized, or misdescribe a few of several items" but instead "in the space set aside for a description of the items to be seized, the warrant stated that the items consisted of a 'single dwelling residence . . . blue in color.'" Id. The warrant mistakenly inserted again the place to be searched for the items to be seized. As the Eleventh Circuit Court of Appeals found in United States v. Cruse, 343 Fed. Appx. 462, 465-66 (11th Cir. 2009) (emphasis added), the decision in Groh is distinguishable, because the search warrant in Groh "did not list *any* particular items to be seized whereas the search warrant [in Cruse and the search warrants in this case] specifically listed items to be seized," that is, in Cruse, those items being firearms and drugs, id., and in this case,

10

data from the identified cellular telephone and Micro SD data card and DNA and fingerprints from Defendant's person. [Doc. 76-1, 76-2].[2]

No other information or directive or order is constitutionally (or for that matter, pursuant to Rule 41) required to be on the face of a valid search warrant. In <u>United States v. Grubbs</u>, 126 S. Ct. 1494 (2006), the Supreme Court specifically rejected an attempt to expand the requirements of the Fourth Amendment to "embrace unenumerated matters." <u>Id.</u> at 1500. As the Court noted, prior arguments to expand the scope of the Fourth Amendment's "precise and clear words" have failed: "Nothing in the language of the Constitution or in th[e Supreme] Court's decisions interpreting that language suggests that, in addition to the [requirements set forth in the text], search warrants also must include a specification of the precise manner in which they

---

[2]And Defendant's argument about "defects" in the instant search warrants not being cured by the applications and affidavits because those documents were not incorporated by reference on the face of the search warrants [Doc. 68 at 4-5 (citing <u>Groh</u>); Doc. 69 at 4-5 (citing <u>Groh</u>)] is immaterial to the court's resolution of the motions to suppress. The Supreme Court's discussion of the fact that the search warrant in that case did not incorporate by reference the underlying application and affidavit which provided the requisite particularity as to the items to be seized was pertinent because, as discussed *supra*, the face of the "the warrant did not describe the items to be seized *at all*[,]" <u>Groh</u>, 124 S. Ct. at 1290 (emphasis in original), and the underlying affidavit could not supply the missing information, <u>id.</u> at 1289-90. However, as is evident from the warrants in this case, there is no need to resort to reference to the applications and affidavits to supply any missing information.

11

are to be executed." Id. at 1500-01 (citations and internal quotations marks omitted); Johnson v. County of Contra Costa, 2010 WL 3491425, at *12 (N.D. Cal. September 3, 2010) (". . . facial validity is measured only by information that *must* be present on the face of a constitutionally sufficient search warrant, such as a particularized description of the place to be searched and the persons or things to be seized") (emphasis in original). The search warrants in this case each complied with the dictates of the Fourth Amendment.

## III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motions [Docs. 68, 69] to suppress be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial as to Defendant Ali Cole.[3]

---

[3]The other Defendants in this action are scheduled for sentencing on January 5, 2012. [Docket Entry dated 09/09/2011].

AO 72A
(Rev.8/82)

**SO RECOMMENDED AND ORDERED** this 5th day of December, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)