IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALI COLE (4), HENRY JOHNSON (6),<br><br>Defendants. | CRIMINAL CASE NO.<br>1:10-CR-00468-TCB-JFK |

## **REPORT AND RECOMMENDATION**

Pending before the court is Defendant Ali Cole's motion [Doc. 121] for severance of defendants pursuant to Fed. R. Crim. P. 8(b) and of counts pursuant to Fed. R. Crim. P. 14. The Government has responded opposing the motion for severance. [Doc. 152]. For the following reasons, the court **RECOMMENDS** denying the motion for severance.[1]

---

[1] Defendant Cole also filed a motion [Doc. 127] to suppress evidence; however, that motion is moot as the Government does not intend to use in its case-in-chief any evidence obtained as a result of that search. [See Doc. 147 at 3]. Accordingly, the motion [Doc. 127] should be **DENIED** as **MOOT**.

**I.     Background Facts**

On January 24, 2012, the federal grand jury returned a second superseding indictment naming Defendant Ali Cole, along with three co-Defendants, Carlton Maurice Clifton, Henry Johnson and Ebanga Samuel, in a twenty-seven count indictment (which also included a forfeiture provision), with violations of 18 U.S.C. § 924(c), 2113(d), and 1951.  The charges in the indictment revolve around a series of armed bank robberies in which, all but four of the bank robberies, Defendant Cole allegedly participated, during the period from July 2010 through November 2011. [Doc. 82].  Count 1 alleges a conspiracy, in violation of 18 U.S.C. § 1951, to unlawfully take and obtain by means of threats, force and violence the property of others, specifically currency from the identified banking institutions, thus obstructing and delaying the movement of commodities and articles in interstate commerce.  That count names, in addition to Defendant Cole and Defendants Clifton, Johnson and Samuel, formerly indicted (but having pled guilty not currently named) co-conspirators Kelton Huger, Lucius Service and Ben Israel.  [Doc. 82, Count 1].  Count 2 alleges the use of firearms in furtherance of the conspiracy charged in Count 1, in violation of 18 U.S.C. § 924(c).  [Id., Count 2].  Counts 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21 charge Defendant Ali and one or more former or current co-defendants with armed bank

2

robberies of the identified financial institutions, in violation of 18 U.S.C. § 2113(d), and the accompanying charges of use of a firearm in furtherance of the bank robberies, in violation of 18 U.S.C. § 924(c), are alleged in Counts 4, 6, 8, 10, 12, 14, 16, 18, 20 and 22. [Id., Counts 3-22]. With the exception of Counts 23 through 27, Defendant Cole is named in each count of the second superseding indictment.[2] [Doc. 82].

## II. Discussion

Defendant seeks severance of parts of Counts 1 and 2[3] and of Counts 17 through 27 and the forfeiture provision from the remaining parts of Counts 1 and 2 and Counts 3 through 16. [Doc. 121]. Defendant bases his motion for severance of the counts in the indictment on the ground that in the first set of armed bank robberies, identified in part in the overt acts in Count 1 and in Counts 3 through 16, three individuals no

---

[2]Those counts, which are alleged as overt acts in the conspiracy, charge co-Defendants Johnson and Samuel with armed bank robberies and one § 924(c), all occurring after Defendant was taken into custody in July 2011. [Doc. 82; Doc. 152 at 6].

[3]The court is not sure exactly how Defendant envisions severing parts of Counts 1 and 2 from other parts of those counts. Count 1 is a conspiracy charge alleging overt acts, that is, the armed bank robberies charged in the remaining counts of the indictment, and Count 2 is the accompanying § 924(c) charge for the conspiracy. Apparently, if a severance of the remaining counts is granted as Defendant requests, Defendant is really seeking to have evidence introduced at trial on Counts 1 and 2 be restricted to the evidence on each grouping of armed bank robberies.

3

longer named as defendants, Huger, Service and Israel, participated in the alleged conduct with him during the year 2010, while in the second set of armed bank robberies, alleged in other overt acts in Count 1 and in Counts 17 through 27, his current co-Defendants Clifton, Johnson and Samuel allegedly participated in the charged conduct with him. [Id., ¶¶ 2-6].

Defendant, after citing Rule 8(b), regarding joinder of defendants, argues that "[s]everance must be granted as the first set of robberies involving Huger, Service and/or Israel did not involve Clifton, Johnson and/or Samuel nor did the second set of robberies involving Clifton, Johnson and/or Samuel involve Huger, Service and/or Israel." [Doc. 121, ¶¶ 8, 9]. Defendant also cites Rule 14 and contends that joinder of all of the charges will cause him to suffer unfair prejudice because evidence pertaining to the separate sets of bank robberies are not relevant to each other and that "overspill" of the evidence introduced about the allegedly unrelated bank robberies will prejudice him. [Id., ¶¶ 8, 10-14].

4

"Federal Rule of Criminal Procedure 8(b) is a pleading rule."[4] United States v. Scrushy, 237 F.R.D. 464, 468 (M.D. Ala. 2006). "Under Rule 8(b) . . ., '[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.'" United States v. Talley, 108 F.3d 277, 279 (11th Cir. 1997) (quoting Fed. R. Crim. P. 8(b) (pre-amendment);[5] accord United States v. Paul, 194 Fed. Appx. 792, 796 (11th Cir. 2006) (same). "In order to

---

[4]Defendant correctly relies on Rule 8(b) and not Rule 8(a) in filing the motion for severance because he is charged in the superseding indictment along with three co-Defendants. See United States v. Kopituk, 690 F.2d 1289, 1312 (11th Cir. 1982) ("It is well established that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses, whereas Rule 8(b) governs in cases involving multiple defendants."); and see United States v. Irizarry, 341 F.3d 273, 287 (3rd Cir. 2003) ("most courts have held that Rule 8(b) applies exclusively to issues of joinder of multiple defendants and that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses").

[5]The 2002 amendment to Rule 8(b) was not substantive. The provision currently provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

meet the same series of acts or transaction requirement of Rule 8(b)[,] the government must demonstrate that the acts alleged are united by substantial identity of facts and/or participants[;] . . . [however, e]ach participant need not participate in all acts or even know the other participants' roles in the ventures." United States v. Holloway, 971 F.2d 675, 679 (11th Cir. 1992) (citations and internal quotation marks omitted); see also United States v. Aiken, 76 F. Supp. 2d 1346, 1351 (S.D. Fla. 1999) ("Joinder of multiple defendants is proper whenever there is a common thread between the actions charged against them.") (citation and internal quotation marks omitted).

The government may demonstrate that joinder of defendants is proper by either relying on the indictment and/or by making a proffer of evidence that satisfies Rule 8(b). See United States v. Dominguez, 226 F.3d 1235, 1241 (11th Cir. 2000) ("If the indictment fails to show and the prosecutor fails to proffer a sufficient basis in the expected evidence to justify joinder, then a severance should be ordered.");[6] accord

---

[6] In Dominguez, the Eleventh Circuit Court of Appeals noted that, although prior cases had stated that reference should be made to the "indictment only" when deciding whether Rule 8 joinder was proper, those cases involved attempts on appeal to evaluate the evidence actually admitted at trial to invalidate a determination, previously made based on the four corners of the indictment, that Rule 8 joinder was proper. Id. at 1240-41. The "indictment only" rule is applicable to prevent after-the-fact evaluation of joinder but the rule "is not applicable to situations when the evidence proffered by the government before trial or adduced during trial shows that initial joinder was *proper* even though the indictment may not have explicitly stated the connection

6

Paul, 194 Fed. Appx. at 796-97 (same). Finally, in evaluating whether joinder of defendants is proper, "Rule 8 is construed broadly in favor of the initial joinder." Paul, 194 Fed. Appx. at 796; accord Dominguez, 226 F.3d at 1238 (same); United States v. Bryan, 843 F.2d 1339, 1342 (11th Cir. 1988) (same).

In this case, joinder of Defendants - and for that matter, of all of the counts - in the superseding indictment is proper.[7] Count 1 of the superseding indictment is a conspiracy charge in which Defendant and his current co-Defendants are named along with Defendant's former co-Defendants being named as unindicted co-conspirators. [Doc. 82, Count 1]. The overt acts alleged as part of the charged conspiracy cover the subsequently charged armed bank robberies, most of which name Defendant along with one or more of the other former and current co-Defendants. [Id.]. The

---

between the charges." Id. at 1241 (emphasis in original).

[7]The test for evaluating the appropriateness of joinder of counts and of defendants is "with one exception, more or less the same. The critical difference between the two subsections is that Rule 8(a) allows joinder of offenses against a single defendant that 'are of the same or similar character,' even if such offenses do not arise out of the same series of acts or transactions. Under Rule 8(b), offenses may not be joined unless they arise out of a series of acts or transactions, regardless of how similar they may be in character." Kopituk, 690 F.2d at 1312 (citation omitted); see also United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002) (Rule 8(a) allows "joinder of offenses that 'are of the same or similar character,' even if such offenses do not arise at the same time or out of the same series of acts or transactions") (citation omitted). Accordingly, joinder under Rule 8(a) is broader than that under Rule 8(b).

conspiratorial agreement focuses on interfering with and obstructing interstate commerce due to the charged bank robberies. [Id.]. The Eleventh Circuit Court of Appeals has held that "joinder under Rule 8(b) is proper 'where, as here, an indictment charges multiple defendants with participation in a single conspiracy and also charges some but not all of the defendants with substantive counts arising out of the conspiracy.'" United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001) (citation omitted); see also United States v. DeLuca, 137 F.3d 24, 36 (1st Cir. 1998) ("Normally, the government may join multiple defendants in a single indictment provided that at least one count alleges a conspiracy . . . and the indictment separately alleges that the [defendant] committed a substantive offense . . . during the course and in furtherance of the 'umbrella' conspiracy. . . ."); Bryan, 843 F.2d at 1342 (finding that joinder was proper under Rule 8(b) because the indictment alleged overarching RICO conspiracy and then set forth other separate charges arising from and making up the RICO scheme). Due to the charged conspiracy, alone, Defendant and his indicted and unindicted co-conspirators "were properly charged in the same indictment." Liss, 265 F.3d at 1228 (citing United States v. Morales, 868 F.2d 1562, 1569-70 (11th Cir. 1989) ("concluding that joinder of parties was proper under Rule 8(a) because the indictment named all defendants-appellants in a single conspiracy count")).

8

Additionally, as the Government proffered, the evidence expected to be introduced at trial further supports denial of severance under Rule 8(b). All of the charged bank robberies occurred within a two and one-half year period, and the robberies took place in the metropolitan Atlanta area, most often at either Wachovia, Chase or Wells Fargo or at banks located in the same towns, such as, Norcross and Snellville. [Docs. 82 and 152 at 2–6]. Each bank robbery involved armed participants who engaged in a "take over" of the bank employees and customers and many involved use of a stolen get-a-way vehicle. The conduct of the robbers, including wearing wigs and/or masks and jumping on the teller counters, while in the banks was similar. All of the other participants have identified Defendant Cole as the organizer for all of the bank robberies occurring before his arrest.[8] [Doc. 152 at 2-6]. It appears that the participants in the armed bank robberies only changed due to the fact Huger, Service and Israel were arrested after the robbery in October 2010 requiring Defendant Cole to recruit new participants for the robberies in 2011. [Id.]. The Government has established that the alleged unlawful conduct is part of "'the same series of acts or transactions[,]'" Talley, 108 F.3d at 279 (citation omitted), and that "there is a common

---

[8] And the Government alleges that the evidence introduced at trial will show that Defendant, although being detained, was in contact with co-Defendants Johnson and Samuel at the time of the August 5, 2011, bank robbery. [Doc. 152 at 6].

9

thread between the actions" alleged in the indictment, specifically, Defendant Cole, Aiken, 76 F. Supp. 2d at 1351 (citation and internal quotation marks omitted). Thus, Defendants are properly joined in the indictment pursuant to Rule 8(b).

Defendant also contends that a joint trial on all of the charged bank robberies will unduly prejudice him because evidence about the two series of bank robberies are not relevant to each other, because the jury will not be able to fairly weigh the evidence on each count, and because he will suffer prejudicial "overspill" if all of the charged bank robberies are tried together. [Doc. 121, ¶¶ 10-14]. Defendant offers no specifics to support his conclusory claims of undue prejudice.

Fed. R. Crim. P. 14 states in pertinent part: "If it appears that a defendant or the government is prejudiced by a joinder of offenses . . . the court may order . . . separate trial of counts. . . ." To justify severance, a defendant must show compelling prejudice. See United States v. Walser, 3 F.3d 380, 386 (11th Cir. 1993) (citing United States v. Harmas, 974 F.2d 1262, 1269 (11th Cir. 1992)). "'This is a heavy burden, and one which mere conclusory allegations cannot carry.'" Id. (quoting United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993)); accord United States v. Brooks, 426 Fed. Appx. 878, 882 (11th Cir. 2011) (same). "The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the

10

capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." Walser, 3 F.3d at 386-87 (citing United States v. Silien, 825 F.2d 320, 323 (11th Cir. 1987)); accord Hersh, 297 F.3d at 1243 (same). If this can be accomplished, "'though the task be difficult,' there is no compelling prejudice." Walser, 3 F.3d at 387 (quoting United States v. Fernandez, 892 F.2d 976, 990 (11th Cir. 1989)). Defendant has failed to demonstrate why the jury, if properly instructed and cautioned by the trial court, cannot fairly evaluate the evidence as to each count in the indictment. See United States v. Jackson, 367 Fed. Appx. 55, 57 (11th Cir. 2010) ("Severance is not required if the possible prejudice may be cured by a cautionary instruction."); Hersh, 297 F.3d at 1244 (observing "that the district court affirmatively and repeatedly acted to reduce any unfair prejudice[,]" particularly instructing the jury on the limitation on the consideration of evidence as to each count of the indictment, appellate court found no error in refusal to grant Rule 14 severance).

Furthermore, "[t]rial courts routinely allow joinder of different bank robbery counts against a single defendant in the same indictment." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). In fact, Defendant did not cite to a case, nor has this

11

court found a factually similar case to that herein, in which a trial court found compelling prejudice resulting in a severance for trial of multiple bank robbery charges or in which an appellate court found an abuse of discretion on appeal for denying severance of a series of bank robberies allegedly committed by the same defendant using similar manner and means in the commission of each offense. Courts have not found the number of robberies charged and tried together, without specific proof of compelling prejudice, to require severance.

In fact, cases involving three or more charged bank robberies, with similarities in manner and means of committing the robberies, such as alleged in this case, have been tried jointly without giving rise to proof of undue prejudice or a finding of same on appeal. See, e.g., United States v. Jamal, 87 F.3d 913, 914-15 (7th Cir. 1996) (finding that denial of severance of three bank robbery charges was not abuse of discretion, the court noted that there was little likelihood the jury was confused due to short trial duration, due to the fact that the government introduced the evidence as to each charge separately, and due to court's instructions to jury); Acker, 52 F.3d at 513-14 (finding that joinder of four charged bank robberies was not abuse of discretion, the court noted that all the bank robberies involved a lone black female, dressed in basically the same disguise for each robbery, each of which occurred over a short

12

period of time); United States v. Chambers, 964 F.2d 1250, 1250-51 (1st Cir. 1992) (upholding denial of severance of six charged bank robberies, the court found that the robberies were similar in details as to *modus operandi*, occurred over a short period of time, in a geographically limited area, and included careful court instructions to the jury regarding consideration of the evidence); United States v. Harper, 680 F.2d 731, 733-34 (11th Cir. 1982) (finding that trial court did not abuse its discretion in allowing the joint trial of three bank robberies, with similarities in the commission of each, because the defendant did "not point to any particular characteristic of his trial" demonstrating compelling prejudice, especially given that the government presented evidence as to each robbery separately and trial court carefully instructed jury on consideration of evidence).

The Government also argues that due to the fact that the evidence on each of the bank robberies would be admissible at a separate trial of any one of the charged bank robberies, pursuant to Rule 404(b), Defendant cannot establish compelling prejudice resulting from a joint trial of all of the charges in the indictment. [Doc. 152 at 11-12]. The Government contends that evidence of Defendant's involvement in each of the armed bank robberies in which he is charged "would be admissible to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

13

accident.'" [Id. at 11 (citation omitted)]. This reasoning has been found by courts to support admission of 404(b) evidence in bank robbery trials and, likewise, when admissible, to affirm denial of severance motions.[9]

In United States v. Dupree, 240 Fed. Appx. 382 (11th Cir. 2007), the Eleventh Circuit Court of Appeals addressed the issue of admissibility of evidence in the trial of a charged robbery of a Bank of America branch occurring on January 13, 2006. Pursuant to Rule 404(b), the court upheld the admission of evidence pertaining to a prior bank robbery by the defendant ten years earlier, in 1996. The Government sought to introduce the evidence because the identity of the robber was the issue at trial and because the prior robbery was "highly similar" to that being tried and would establish identity. Id. at 386. The trial court allowed evidence from the prior bank robbery finding "'remarkabl[e]' similarity among the written notes in each case, . . . and that in the robberies, the robber wore a baseball hat, used a bank document for the note, and carried the money out of the bank in his hands." Id. In affirming the lower court, the court of appeals stated, "When using 404(b) evidence of a past crime to show

---

[9]However, as noted by the Eleventh Circuit Court of Appeals in Harper, while the admissibility of the same evidence at a severed trial as would be admissible at a joint trial can be considered in evaluating a claim of compelling prejudice, the court stated, "such admissibility is not required in order for denial of severance to be within the district court's discretion." 680 F.2d at 734.

14

identity, 'the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused. In other words, the evidence must demonstrate a modus operandi.'" Id. at 388 (quoting United States v. Miller, 959 F.2d 1535, 1539 (11th Cir. 1992)); see also United States v. Abram, 171 Fed. Appx. 304, 313-15 (11th Cir. 2006) (affirming the introduction of evidence of three uncharged bank robberies in the trial of three charged bank robberies pursuant to 404(b), the court found that although some differences existed, evidence of the similarities in the commission of all of the bank robberies established that "the evidence was offered for a relevant and permissible purpose: to prove a similar *modus operandi*"). The Government's offer of proof, as discussed *supra*, satisfies this test.

Because the evidence admissible at a joint trial would arguably nevertheless be admissible at separate trials of, as Defendant characterizes the counts in the indictment, the two series of armed bank robberies, Defendant simply cannot establish compelling prejudice. See United States v. Carr, 373 F.3d 1350, 1352-53 (D.C. Cir. 2004) (finding no prejudice in denial of severance of five bank robbery charges because "if the defendant had been tried separately on each count, then the same evidence concerning the perpetrator's *modus operandi* would have been admissible in each case under the identity exception to" Rule 404(b)); United States v. Rollins, 301 F.3d 511, 518 (7th

Cir. 2002) (after joint trial of four armed bank robberies, the appellate court rejected the defendant's claim "that the combination of the relatively scant evidence from each individual robbery confused the jurors and that, but for the intermingling of evidence from one count to the next, he never would have been convicted of a single count viewed separately[,]" noting that the defendant failed "to acknowledge that most if not all of this evidence would have nonetheless been admissible at trial as 'other crimes' evidence, pursuant to Rule 404(b) . . ., for the purpose of establishing identity or *modus operandi*"); United States v. Arrington, 159 F.3d 1069, 1072 (7th Cir. 1998) ("Here it is clear that had Arrington gone to trial on only one robbery at a time, much of the evidence about the other bank jobs would have been admissible to prove his identity as the robber under Rule 404(b). . . . The similarities between the seven robberies overwhelm the few differences (and there are always differences, to be sure) between them. The robberies here were all part of the same scheme to rid the banks of their deposits without filling out withdrawal slips. Separate trials were not required by law or compelled by common sense.").

16

For all of these reasons, especially in light of Defendant's weak and conclusory arguments in support of severance under Rule 14, the court finds that severance, at least at this stage of the proceedings, is not warranted.[10]

## III. Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant Cole's motion [Doc. 121] for severance be **DENIED**. The court further **RECOMMENDS** that Defendant Cole's motion [Doc. 127] to suppress be **DENIED** as **MOOT.**

Counsel for Defendant Henry Johnson has reported to the Magistrate Judge that there is no need for a pretrial conference; that no pretrial motions were filed; and that there are no problems relating to the scheduling of the trial.

---

[10]If compelling prejudice is established at any point in time, discretion may be exercised by the trial court before or even during trial to grant a severance. See United States v. Pedrick, 181 F.3d 1264, 1272 (11th Cir. 1999) (based on its continuing duty to grant a severance when compelling prejudice is demonstrated, trial court granted a severance of a defendant during the course of trial); Kopituk, 690 F.2d at 1316 ("[T]he court fulfilled its 'continuing duty at all stages of the trial to grant a severance if prejudice does appear.'") (quoting Schaffer v. United States, 80 S. Ct. 945, 948 (1960)). Although the record presented to the court at this stage of the proceedings does not support a grant of a severance, Defendant may renew the severance motion at any time upon a demonstration that denial of the motion would subject him to compelling prejudice such as could not be cured with proper jury instructions.

17

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial as to Defendants Ali Cole and Henry Johnson.

**SO RECOMMENDED AND ORDERED** this 18th day of July, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)